# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MARK LOTT, ) | C/A No. 2:14-CV-1761-RMG-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | OF THE MAGISTRATE JUDGE |
| ) | |
| ALLYSON SIPES, CYNTHIA HELFF ) | |
| AND GALEN SANDERS ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, appearing *pro se*, brings this action presumably under Title 42 United States Code, Section 1983. The Plaintiff is currently in the custody of the South Carolina Department of Mental Health ("DMH") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 through § 44-48-170. This matter is before the court on Defendants' Motion for Summary Judgment. (Dkt. No. 47.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff brought this action on or about May 1, 2014.[1] (See Dkt. No. 1.) On December 19, 2014, the Defendants filed a Motion for Summary Judgment. (Dkt. No. 47.) By order filed December 22, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

---

[1] The facts and allegations made in the case at bar are substantially similar to those made by the Plaintiff in Lott v. Scaturo, C/A No. 2:13-cv-01491-RMG. The Scaturo case did not involve the Defendants in the case at bar. In Scaturo the district court granted the Defendant's Motion for Summary Judgment on July 22, 2014 based on the Plaintiff's failure to respond to the motion following repeated warnings his case could be dismissed.

1

the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 5, 2015, the Plaintiff filed a Motion of Plaintiff's Objection to Summary Judgment by the Defendants/Dismissal of Defendant. (Dkt. No. 50.) On January 15, 2015, the Defendants filed a Reply. (Dkt. No. 53.) On January 26, 2015, the Plaintiff filed a letter with the court asking for discovery before the court rules on the Motion for Summary Judgment.[2] (Dkt. No. 56.)

## ALLEGED FACTS[3]

The Plaintiff alleges he arrived at DMH on February 19, 2013, approximately 14 months before he filed his lawsuit. Between February 19, 2013 and April 19, 2014, the Plaintiff was on therapeutic room restriction ("TRR") for approximately 290 days.[4] He has had an early bed time for 36 days. The Plaintiff has been disciplined since being at DMH many times, and the Plaintiff

---

[2] Based on the recommendation of this court, any discovery being sought in this case is futile. See e.g. Stander v. Fin. Clearing & Servs. Corp., 718 F.Supp. 1204, 1210 (S.D.N.Y.1989) ("It is well settled law that an insufficient and conclusory complaint cannot serve as the basis for discovery aimed at fishing for a possible claim against the purported defendant."); Dillard v. Rumph, 584 F.Supp. 1266, 1269 (N.D.Ga.1984) ("... the Court is unable at this time, in light of the vague allegations of plaintiff's complaint, to evaluate the merits of plaintiff's motion to compel discovery.")

[3] All of the Alleged Facts are taken from pages 4 and 5 of the Complaint, Dkt. No. 1.

[4] The Plaintiff has been placed on TRR by the Behavioral Management Committee numerous times.

> TRR requires that the resident remain in his room except for two thirty minute recreation breaks per day…. The door to the room remains open and the resident is allowed to attend therapeutic groups unless the resident's treatment team decides otherwise….The resident may not participate in unit special events, may not receive visitors, and may make only legal phone calls. The resident is allowed time for a shower and hygiene activities. A resident must be escorted to receive his mail. While on TRR, a resident is not allowed to receive canteen or packages.

(Dkt. No. 47-3 ¶¶ 7-8.) An individual on TRR still receives the same treatment as those not on TRR. (Id. at ¶9.)

admits he "may be" guilty of "90%" of the "charges" levied against him. The "charges" against him have included the following:

1. Entering Peers Room
2. Physical Aggression
3. Violation of TRR
4. Unauthorized Movement
5. Insolence
6. Touching Peer
7. Violation of No-Contact
8. Forgery
9. Exchanging Sexually Explict [sic] Notes
10. Sexual Misconduct
11. Having Peer in Room
12. Unauthorized Communication
13. Giving False Information to Staff
14. Violation of Sexual Behavior Precautions
15. Concealment of Identity
16. Disobeying Direct Order
17. Attempt to Get Canteen From Peer
18. Saving Seats
19. Giving Radio to Peer
20. Soliciting Peer to Come to Room
21. Physical Horseplay
22. Contraband
23. Possession of Peers Radio

The Plaintiff received "most of these charges multiple [sic].[5]" The Plaintiff states that he was "secluded/isolated" in his room for 290 days as a result, and it was not "theraupedic[sic]." The isolation "frustrate[d]" the Plaintiff and held him "back in treatment and from going home."

The Plaintiff states that since May 6, 2013, he has been made to wear an orange jumpsuit because of his "sexual behaviors." The Plaintiff has been placed on "no contact" as well which forbids face to face interactions with other individuals in DMH custody.

---

[5] The Plaintiff does not allege a total number of disciplinary infractions. Defendant Helff submits the total number is "approximately eighty-two." (Dkt. No. 47-3 ¶4.)

3

Defendant Cynthia Helff[6] is never mentioned in the Complaint except for in the caption, being listed as a defendant, and in the prayer for relief. (Dkt. No. 1 at 1, 3, 6). The complete allegations against Defendant Allyson Sipes[7] are that she "is the case managers' boss and she approves [no contact]." (Id. at 5) The complete allegations against Defendant Galen Sanders[8] are that he "is the Head nurse and is a party because he refuses to help me too. He signed some requests." (Id. at 5.)

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable

---

[6] Defendant Helff is a Program Manager I for the Sexually Violent Predator Treatment Program for DMH. (Dkt. No. 47-3 ¶1.)

[7] According to her affidavit (Dkt. No. 47-2), Defendant Sipes has been the Clinical Director of G. Warren Bryan Psychiatric Hospital since October 2, 2014. Prior to that position, she was the Clinical Chief Psychologist of the Sexually Violent Predator Treatment Program since May, 2012. She had "very limited involvement when a 'no contact' order was issued and only to the extent [her] duties required as the Clinical Chief Psychologist." (Id. at ¶12.) According to Defendant Sipes, when the Plaintiff was placed on TRR he received the same treatment as when he was not on TRR. (Id. at ¶10.)

[8] According to his affidavit (Dkt. No. 47-4), Defendant Sanders is the Nurse Administrator for the Sexually Violent Predator Treatment Program at DMH. He is responsible for the day to day operations of the nursing staff. He is not part of the Plaintiff's treatment team and has never placed the Plaintiff on therapeutic room restriction, issued a "no contact" order, or placed the Plaintiff on sexual behavior precaution requiring him to wear an orange jumpsuit. He has no authority to change or lessen the consequences of the Plaintiff's infractions.

inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

The Plaintiff is presumably making a claim under 42 U.S.C. § 1983. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998)(citing 42 U.S.C. § 1983); see also Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). However, his Complaint is far from clear.

FED. R. CIV. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. Id. "The complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'" Pringle v. City of Charleston Police Dep't, No. C/A 2:06-cv-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, (1993) (internal quotation omitted)). Failure to make any factual allegations against a defendant requires dismissal of the defendant. See Id. ; See Also Mohsin v. California Dep't of Water Res., 52 F. Supp. 3d 1006, 1018 (E.D. Cal. 2014).

In the case at bar, the Plaintiff has failed to satisfy the requirements of FED. R. CIV. P. 8. While the Plaintiff's primary complaint is that the consequences of his numerous disciplinary infractions have been too severe in his opinion, he has not alleged any legal claims against the three named defendants. The court gives the Complaint liberal construction but cannot recognize any claim against the three defendants.

In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). The Plaintiff failed to mention Defendant Helff in the body of his Complaint at all. (Dkt. No. 1.) As To Defendant Sipes, the only claim is that she supervised an unidentified "case manager" and "approves these things," presumably referring to the "no contact" orders. The only mention of Defendant Sanders in the Complaint is his position as "head nurse" and that he "refuses to help" the Plaintiff. There are no cognizable claims made under §1983 against Defendants Helff, Sipes or Sanders personally. The bare assertions made by Plaintiff do not provide any detail of any actions undertaken by the defendants or give them any notice as to what claim he is seeking to bring.

The naming of Defendants Sipes and Sanders, at least in part, appears to be because they are supervisors. The doctrines of vicarious liability and *respondeat superior* are generally not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-29 (4th Cir. 1977). "Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). In such a case, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not

6

only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." Id. at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." Id. (citations omitted); see also Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) ("[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."). As the Plaintiff has not made a cognizable claim, he has not met his burden to show any liability of the defendants in their roles as supervisors.

## CONCLUSION

Wherefore, it is RECOMMENDED that Defendants' Motion for Summary Judgment. (Dkt. No. 47.) be GRANTED.

IT IS SO RECOMMENDED.

June 16, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).